UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Timothy A. DeRocher, #274262 | ) | |
| | ) | C/A No. 4:05-1027-HFF-TER |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| South Carolina Department of | ) | |
| Corrections; Robert Mauney, | ) | |
| Warden of Northside Correctional | ) | |
| Institution; and Henry McMaster, | ) | |
| Attorney General of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner, Timothy A. DeRocher,  ("Petitioner/DeRocher"), is an inmate in the custody of

the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [1] on April 7, 2005, with a Houston

v. Lack date of March 25, 2005.  Respondents filed a motion for summary judgment on May 31,

2005, along with supporting memorandum.  The undersigned issued an order filed June 3, 2005,

pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for

summary judgment procedure and the possible consequences if he failed to respond adequately.

Petitioner filed a response to Respondents' motion for summary judgment on July 1, 2005.

---

[1] This habeas corpus case was automatically referred to the undersigned United States
Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02,
DSC.  Because this is a dispositive motion, this report and recommendation is entered for review
by the district judge.

# I.  PROCEDURAL HISTORY

The procedural history as set forth by the Respondents in their memorandum has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondents.

Petitioner is currently incarcerated in the Northside Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court of Greenville County.  A Greenville County grand jury returned a true-billed indictment against Petitioner during an October 2000 term of general sessions charging him with armed robbery and possession of a weapon during the commission of or the attempt to commit a violent crime. (2000-GS-23-9046)(App.pp.70-71).  Christopher T. Posey, Esquire, represented Petitioner on the charges. Petitioner entered a guilty plea on April 16, 2001, on the armed robbery charge.  The Honorable Wyatt T. Saunders, Jr., Circuit Court Judge, heard and accepted the plea.  The judge sentenced Petitioner to a ten (10) year term of imprisonment.  (App. P. 26, lines 20-25).  Petitioner did not appeal his plea or sentence.

Petitioner filed an application for post-conviction relief ("PCR") on August 20, 2001, and alleged the following grounds for relief:

        (a)       Ineffective Assistance of Counsel;

        (b)       Involuntary Guilty Plea.

(App. p. 30).

The State made its return on May 17, 2002. (App. Pp. 35-39).  An evidentiary hearing was held January 7, 2003, before the Honorable Henry F. Floyd, Circuit Court Judge.  The PCR judge issued an order denying relief on January 31, 2003.  (App.pp.61-66).  Petitioner appealed the denial

of relief.

Robert M. Pachak, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented Petitioner on appeal.  Appellate counsel filed a *Johnson* Petition for Writ of Certiorari with the Supreme Court of South Carolina on July 22, 2003, and presented the following issue:

> Whether petitioner's guilty plea complied with the Mandates set forth in <u>Boykin v. Alabama</u>?

Petitioner filed a *pro se* response that requested review of the following issues, as interpreted by Respondents, in addition to the issue submitted by counsel:

> 1.     Lack of subject matter jurisdiction;
>
> 2.     Involuntary plea - trial court failed to ensure Petitioner was aware of the circumstances of the plea.

(*Pro se* statement).

The Supreme Court of South Carolina denied the petition for review on January 28, 2004, and subsequently remitted the matter to the lower court on February 17, 2004.

## II.  GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds for relief, quoted verbatim:

> A.     Involuntary Plea;
>
> <u>Supporting Facts</u>: I was unaware of the whole plea.  My public defender did not explain the proceeding at all; he did not explain the grand jury to me; he did not explain the plea negotiation; he did not explain the indictment; he did not explain the suppression statement

to me; he did not explain the charge of Armed Robbery; he did not explain sentencing guide lines to me.

B.      Lack of Due Process;

Supporting Facts: When ask to come down to collaborate my brother's story the officer never told me I was under arrest until after I made my statement; I never signed a Miranda right paper.

C.      Lack of subject matter jurisdiction;

Supporting Facts: My indictment was defective; My public defender did not ask or file a Brady and the Rule Five (5); my public defender did not investigate me or my case; my public defender did not even ask to see me except when we went to court (same day); I do not know if there was a grand jury; my public defender did not even look at Indictment;

D.      Subject matter jurisdiction; Lack of Due process
        (More added to b&c);

Supporting Facts: my public defender did not tell me that I could Appeal my plea at any time; he never did give me any paper work on my case (arrest report warrents [sic] sentence sheet; statements; witness's statements; miranda sheets; plea agreements; grand jury trans[scripts]; he Also lied in my P.C.R. hearing he never fulfilled all the plea agreements.

(Habeas petition, p.5 and 6).


## III. SUMMARY JUDGMENT

On May 31, 2005, the Respondents filed a return and memorandum of law in support of their motion for summary judgment.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972).  In considering a motion for summary judgment, the court's function

4

is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).  The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact."  In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof.  Celotex, 477 U.S. at 322-323.

### IV.  STANDARD OF REVIEW

Since DeRocher  filed his petition after the effective date of the Antiterrorism and Effective

5

Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998).  That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law.  See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review.").  Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d).  See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000).  In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable."  Id. at 1521.

 The AEDPA became effective on April 24, 1996.  The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

6

## V.  DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondents assert that the Petitioner's claims must be dismissed as untimely. Specifically, Respondents assert that the Petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. Respondents argue as follows, quoted verbatim:

> Petitioner entered his guilty plea on April 16, 2001. His judgment became final on April 26, 2001, upon his failure to seek direct appeal within ten (10) days from the time sentence was imposed. Rule 203(b)(2), South Carolina Appellate Court Rules. Petitioner's time for filing a federal habeas action began to run at that point. Petitioner filed his state PCR application on August 20, 2001. By that time, only one hundred and sixteen (116) days of time not tolled by the statute had lapsed. The PCR action concluded on January 28, 2004, when the Supreme Court of South Carolina Denied his petitioner for certiorari review. See Wilson v. Battles, 302 F.3d 745, 748 (7th Cir. 2002)(state petition not considered pending after denial of petition for leave to appeal in state supreme court). Petitioner did not file the instant habeas action until March 25, 2005. An additional four hundred and twenty-two (433) days of time not tolled by the statute lapsed.
>
> In total, five hundred and thirty-eight (538) days of time not tolled by statute have lapsed. Subtracting the three hundred and sixty-five (365) days in which Petitioner could have timely filed a habeas petition, Petitioner is two hundred and seventy-three (273) days late.

(Memorandum, p. 6).

Petitioner argues in his response in opposition that "I am late because of the advise of my public defender in the Appellate level and the pamphlet[2] he sent me."  (Response , Doc. #9).

---

[2] Petitioner attached as "Exhibit A" a sheet outlining Federal Habeas Corpus rules. In the second paragraph in this pamphlet that Petitioner states his appellate counsel gave him, it states that "§ 2254 and § 2255 proceedings: 1. Imposes a one year period of limitations on filing a federal habeas corpus petition." Thus, Petitioner had been advised of the one year statute of limitations according to the exhibit he attached to his response and that he appears to allege is the pamphlet his counsel sent to him.

The applicable law is as follows: The AEDPA became effective on April 24, 1996.  The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.  One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[3]  Subsection (d) of the statute now reads:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

_____

[3] Prior to this amendment there was no statute of limitations.  Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing.  Duarte v. Hershberger, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

However, "[t]ime during which a properly filed state court application for collateral review is pending is excluded from the one year period." Reyes v. Keane, 90 F.3d 676 (2nd Cir. 1996); 28 U.S.C. § 2244(d)(2).

Petitioner did not file a direct appeal within ten (10) days of the date he entered his guilty plea. He entered the guilty plea on April 16, 2001, so his judgment became final on April 26, 2001. Petitioner filed his PCR application on August 20, 2001, which suspended the running of the one-year limitation period. 28 U.S.C. §2244(d)(2). Thus, one hundred sixteen (116) days were exhausted. The South Carolina Supreme Court denied the petition for writ of certiorari on January 28, 2004, and the remittitur was entered on February 17, 2004. Petitioner did not file his federal habeas petition until March 25, 2005, (the delivery date). Therefore, an additional four hundred and two (402) days of non-tolled time accrued after the disposition of his PCR.[4] If this time period is aggregated to the already exhausted time period of 116 days, the habeas petition was filed well outside of the statute of limitations (402 + 116=518; 518-365=153 days late).

In the case of Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In Harris, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation

---

[4] The remittitur date of February 17, 2004 was used in the calculation.

9

4:05-cv-01027-RBH    Date Filed 01/20/06    Entry Number 10    Page 10 of 13

> period, expiring one-and-one-half months later, in February 1998.
> Harris did not file his federal habeas petition until July 22, 1998, six
> months after his one-year period had expired. Therefore, the petition
> was time-barred under 28 U.S.C. § 2244(d).

Harris, 209 F.3d at 327.

Based on the above reasons, the undersigned finds that the Respondents' motion for summary

judgment should be granted as the Petitioner's habeas corpus petition is barred by the statute of

limitations.

Additionally, there is no evidence that warrants equitable tolling. In the case of Rouse v. Lee,

339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal
> criminal sentences, particularly in capital cases ... and to further the principles of
> comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398,
> 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted).
> Nevertheless, we have held that the AEDPA statute of limitations is subject to
> equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we
> held in *Harris,* however, rarely will circumstances warrant equitable tolling:
>> [A]ny invocation of equity to relieve the strict
>> application of a statute of limitations must be
>> guarded and infrequent, lest circumstances of
>> individualized hardship supplant the rules of clearly
>> drafted statutes. To apply equity generously would
>> loose the rule of law to whims about the adequacy
>> of excuses, divergent responses to claims of
>> hardship, and subjective notions of fair
>> accommodation. We believe, therefore, that any
>> resort to equity must be reserved for those rare
>> instances where--due to circumstances external to
>> the party's own conduct--it would be
>> unconscionable to enforce the limitation period
>> against the party and gross injustice would result.

> Id. Principles of equitable tolling do not extend to garden variety claims of excusable
> neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112
> L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was
> absent from the office when the EEOC notice was received, and petitioner filed

10

> within 30 days of the date he personally received notice).  Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.
>
> The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law.  (J.A. at 328.)  The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P.  6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.)  The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

Id. at 246-247.

Petitioner has not presented  (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time. Rouse, supra.  Therefore, it is recommended that the petition be dismissed as it is barred by the statute of limitations.


## VI.  PETITIONER'S MOTION FOR SUMMARY JUDGMENT

Petitioner filed a motion for summary judgment on July 1, 2005. A review of this motion for summary judgment reveals that Petitioner is basically reciting the facts as alleged in his petition. Based on the reasons set out in this report and recommendation, the undersigned recommends that Respondents' motion for summary judgment be granted and, therefore, Petitioner's motion for summary judgment (doc. #8) be denied.

## VII.  CONCLUSION

As set out above, a review of the record indicates that the Petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondents' motion for summary judgment (doc. # 6) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

It is FURTHER RECOMMENDED that Petitioner's motion for summary judgment (doc. # 8) be DENIED.


Respectfully Submitted,


s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 20, 2006
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

13