IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Timothy A. DeRocher, #274262 | ) | Civil Action No. 4:05-1027-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| South Carolina Department of | ) | |
| Corrections; Robert Mauney, | ) | |
| Warden of Northside Correctional | ) | |
| Institution; and Henry McMaster, | ) | |
| Attorney General of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This petition for a writ of habeas corpus was filed by the Petitioner, pro se, pursuant to 28 U.S.C. § 2254 on April 7, 2005.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling. On May 31, 2005, Respondents filed a motion for summary judgment. As the Petitioner is proceeding pro se, an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on June 3, 2005, advising the Petitioner of the summary judgment procedure and the importance for him to file an adequate response. On July 1, 2005, the Petitioner filed his response to the Respondents' motion for summary judgment. Petitioner also filed a motion for summary judgment on July 1, 2005.

On January 20, 2006, the Magistrate Judge issued a Report and Recommendation which recommends that Respondents' motions for summary judgment be granted in its entirety and the petition be dismissed without an evidentiary hearing. The Magistrate Judge further recommends that the Petitioner's motion for summary judgement be denied.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

On January 24, 2006, this case was transferred from The Honorable Henry F. Floyd to the docket of the undersigned. On February 6, 2006, Petitioner filed a motion for extension of time to file objections to the Magistrate Judge's Report and Recommendation. On February 6, 2006, the undersigned granted in part the Petitioner's request and set a new objection deadline for February 22, 2006. On February 9, 2006, a letter from the Petitioner was filed as part of the record in this case. The letter from the Petitioner is addressed to The Honorable C. Weston Houck and requests reconsideration of the Magistrate Judge's recommendation with regard to his habeas corpus petition. Specifically, the Petitioner states "I am writing to you in regards to an reconsideration for an Magistrate Judge to hear my Habeas Corpus Petition." The Petitioner has not filed any further objections to the Report and Recommendation of the Magistrate Judge and the objection deadline has now passed.

This court finds that the Petitioner's letter of February 9, 2006, does not satisfy the specificity

requirement outlined in Rule 72(b) of the Federal Rules of Civil Procedure.[1] Without specific objection to the Magistrate Judge's reasoning, this court will not discuss the conclusion reached by the Magistrate Judge any further. See 28 U.S.C. § 636(b)(1)(C) (If a party objects, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"); see also Thomas v. Arn, 474 U.S. 140, 147-48 (1985) (Specific objections are necessary to focus the court's attention on disputed issues); see also Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review). Therefore, to the extent the Petitioner's letter of February 9, 2006, can be construed as an objection to the Magistrate Judge's Report and Recommendation, the objection is found to be without merit.

After carefully reviewing the Report, objection, pleadings, memoranda, and applicable law, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein. The Petitioner's "objection" to the Report is hereby overruled. Accordingly, the Respondents' motion for summary judgment [Entry # 6] is **GRANTED** in its entirety and the petition is dismissed. Furthermore, the Petitioner's motion for summary judgment [Entry # 8] is **DENIED**.

---

[1] Rule 72(b) states:

> Within ten days after being served with a copy of the recommended disposition, a party may serve and file **specific, written objections to the proposed findings and recommendations**. . . . The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of **any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule**.

Fed.R.Civ.P. 72(b) (emphasis added).

3

**AND IT IS SO ORDERED**.

                                             s/ R. Bryan Harwell
                                             R. Bryan Harwell
                                             United States District Judge

February 23, 2006
Florence, South Carolina